

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO. 08-CR-92-ART**

**UNITED STATES OF AMERICA**      **PLAINTIFF**

**V.**      **PLEA AGREEMENT**

**JASON LEE ROBINSON**      **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment. Count One charges a violation of 18 U.S.C. § 2113(a) and (d), Armed Bank Robbery. Count Two charges a violation of 18 U.S.C. § 2113(a), Bank Robbery.

2. The essential elements of Count One are:

> (a) First, that the Defendant took from the person or presence of another, money belonging to or in the care, custody, control, management or possession of the Community Trust Bank;
>
> (b) Second, at the time charged in the indictment, Community Trust Bank had its deposits insured by the Federal Deposit Insurance Corporation;
>
> (c) Third, the Defendant acted to take such money by force and violence, or by intimidation; and
>
> (d) Fourth, the Defendant, while acting to take such money, did assault or put in jeopardy the life of another person by the use of a dangerous weapon.

3. The essential elements of Count Two are:

> (a) First, that the Defendant took from the person or presence of another money belonging to or in the care, custody, control, management or possession of the Community Trust Bank;
>
> (b) Second, at the time charged in the indictment, Community Trust Bank had its deposits insured by the Federal Deposit Insurance Corporation;
>
> (c) Third, the Defendant acted to take such money by force and violence, or by intimidation.

4. As to Counts One and Two, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

> (a) The Defendant entered Community Trust Bank in Middlesboro, KY, on August 11, 2008, at approximately 3:40 p.m. He handed a demand note to the teller stating "Don't say a word, I have a gun, I will kill you, give me $20,000.00, I will kill you". Robinson showed the teller what appeared to be the handle of a revolver. The teller told the Defendant that she didn't have that much, so he told her to give him everything that she had. The teller complied, producing $3,313.00, that did not include marked bills or dye packs. The defendant then left the bank and walked north towards a car lot.
>
> (b) The Defendant entered Community Trust Bank in Pikeville, KY, on August 12, 2008, at approximately 11:27 a.m. He handed a demand note to the teller stating, "This is a stick-up, I have a gun, I will kill you, give me $20,000.00". It does not appear that Robinson showed the teller a firearm. The teller told the defendant that she didn't have that much, so he told her to give him everything that she had. The teller complied producing $3,926.00, that did not include marked bills or dye packs. The Defendant then left the bank and got into a white Chrysler mini van driven by his girlfriend, Amanda Epline.
>
> (c) On August 13, 2008, Robinson was interviewed at the Pike County Detention Center concerning the bank robberies. He was advised of his rights and signed the standard warning and waiver form. The defendant confessed to robbing Community Trust Bank in Middlesboro, Kentucky and Community Trust Bank in Pikeville, Kentucky. The defendant said he robbed the banks to pay off his girlfriend's drug

2

debt. The Defendant reported that he gave the proceeds from both robberies to his girlfriend. Robinson stated that he did tell both bank tellers that he had a gun and did threaten to kill them. He admitted carrying a small, black J-framed revolver blank gun, an item that looks like an actual firearm, but that is non-operational. The blank gun has not been recovered.

5. The maximum statutory punishment for Count One is imprisonment for not more than 25 years, a fine of not more than $250,000, and a term of supervised release of not more than 5 years. The maximum statutory punishment for Count Two is imprisonment for not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100, per count, applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 2008, manual, will determine the Defendant's guideline range.

    (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (c) Pursuant to U.S.S.G. § 5E1.1, restitution is $7,239, and the victim is Community Trust Bank.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

9. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

10. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

Date: 12-9-08

By: *(signature)*
Jason D. Parman
Assistant United States Attorney

Date: 12/9/08

*(signature)*
Jason Lee Robinson
Defendant

Date: 12/9/08

*(signature)*
Joseph R. Lane
Attorney for Defendant

5

**APPROVED**, this 14th day of September, 2008.

*[signature]*

UNITED STATES ~~DISTRICT~~ JUDGE