AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN                    District of    KENTUCKY-Southern Division at London

UNITED STATES OF AMERICA              **JUDGMENT IN A CRIMINAL CASE**
V.

**JASON LEE ROBINSON**                Case Number:   6:08-CR-92-01-ART

USM Number.    11426-032

Joseph R. Lane
Defendant's Attorney

Eastern District of Kentucky
**FILED**
SEP 1 6 2009
AT LONDON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**THE DEFENDANT:**

X pleaded guilty to count(s)   1, 2

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2113(a) & (d) | Armed Bank Robbery | 08/11/2008 | 1 |
| 18:2113(a) | Bank Robbery | 08/12/2008 | 2 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to 18 U.S.C. §3553(a) and the Sentencing Reform Act of 1984 as amended or modified by the Supreme Court's January 12, 2005, decision in *United States v. Booker* and *United States v. Fanfan.*

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 14, 2009
Date of Imposition of Judgment

Signature of Judge

AMUL R. THAPAR, U.S. DISTRICT JUDGE
Name and Title of Judge

9/16/09
Date

AO 245B (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: JASON LEE ROBINSON
CASE NUMBER: 6:08-CR-92-01-ART

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **63 month on each of Counts One and Two, to be served concurrently**

**X** The court makes the following recommendations to the Bureau of Prisons:
The defendant shall participate in a program of mental health treatment at the direction and discretion of the probation officer, until such time as the defendant is released from the program by the probation officer
The defendant be designated to the facility nearest his home which can address his mental health concerns.

**X** The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____ .

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JASON LEE ROBINSON
CASE NUMBER: 6:08-CR-92-01-ART

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Five (5) years on Count One and Three (3) years on Count Two, to run concurrently, for a total term of Five (5) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JASON LEE ROBINSON
CASE NUMBER: 6:08-CR-92-01-ART

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3. The defendant shall participate in a program of mental health treatment at the direction and discretion of the probation officer, which may include testing to determine if the defendant is in compliance with any medications prescribed, until such time as the defendant is released from the program by the probation officer.

4. The defendant shall provide to the United States Probation Office, within seven days of release from the custody of the Bureau of Prisons, a written report, in a form the probation office directs, listing each and every prescription medication in defendant's possession, custody or control. The list shall include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past, and outdated or expired prescription medications in a defendant's possession, custody, or control at the time of the report.

5. The defendant shall notify the United States Probation Office immediately (i.e., within no later than 72 hours) if defendant receives any prescription for a medication during the period of supervised release. Defendant shall provide the probation office such documentation and verification as the probation office may reasonably request and in a form the probation office directs.

6. The defendant must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection if the offense of conviction is a felony.

### *ACKNOWLEDGMENT*

*Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.*

*These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.*

(Signed) _____    _____
         (Defendant)                          Date


_____              _____
U. S. Probation Officer/Designated Witness   Date

DEFENDANT: JASON LEE ROBINSON
CASE NUMBER: 6:08-CR-92-01-ART

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200 | $ WAIVED | $ 7,239 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Community Trust Bank<br>Middlesboro East Branch<br>1206 East Cumberland Ave.<br>Middlesboro, KY 40965 |  | $3,313 |  |
| Community Trust Bank<br>Town Mountain Branch<br>105 Northgate Drive<br>Pikeville, KY 41501 |  | $3,926 |  |
| **TOTALS** | $ 0 | $ 7239 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X the interest requirement is waived for the ☐ fine  X restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JASON LEE ROBINSON
CASE NUMBER: 6:08-CR-92-01-ART

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  **X**  Lump sum payment of $ __7,439.00__ due immediately, balance due

    ☐ not later than _____ , or
    **X** in accordance  ☐ C,  ☐ D,  ☐ E, or  **X** F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  **X**  Special instructions regarding the payment of criminal monetary penalties:

The defendant shall make a lump sum payment of $7,439 toward the criminal monetary penalties set out in this judgment. Such lump sum shall be due immediately. Any outstanding balance owed upon commencement of incarceration shall be paid in minimum quarterly installments of $25 unless the defendant is employed by Federal Prison Industries, in which case the defendant's quarterly installments shall be no less than $60. Any outstanding balance owed upon commencement of supervision shall be paid according to a schedule set by subsequent orders of the Court. Make payments to U.S. District Court Clerk, P.O. Box 5121, London, Kentucky 40745-5121. Please include your case number on all correspondence.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.